

## NUMBER 13-10-00244-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ROGELIO CAMPOS,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Rogelio Campos, was charged by indictment with unlawful possession of more than four ounces but less than five pounds of marihuana, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3) (Vernon 2010). Pursuant to a plea agreement with the State, Campos pleaded guilty to the offense. The trial court accepted Campos's plea, placed him on community supervision for two years, and assessed a $750

fine and $327 in court costs.

On September 30, 2009, the State filed a motion to revoke Campos's community supervision, alleging that Campos had violated numerous provisions of his community supervision.[1] Thereafter, the trial court conducted a hearing on the State's motion to revoke. At the hearing, Campos pleaded "true" to most of the allegations contained in the State's motion to revoke. The trial court accepted Campos's pleas of "true," concluded that he had violated the terms of his community supervision, sentenced him to two years' confinement in the state-jail division of the Texas Department of Criminal Justice, and imposed a $750 fine. In addition, the trial court certified Campos's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Campos's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. In his brief, counsel advances three potential arguable "issues of law" but later concludes that each of these "issues of law" lack merit.[2] Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing in appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable'

---

[1] Among the allegations supporting its request for the revocation of Campos's community supervision, the State asserted that Campos had unlawfully possessed a controlled substance on three separate occasions—June 26, 2009, September 11, 2009, and September 21, 2009—and had engaged in domestic violence on September 21, 2009.

[2] The three arguable "issues of law" that counsel advances on appeal and later concludes are meritless are: (1) whether Campos knowingly and voluntarily entered his pleas of "true" to the allegations contained in the State's motion to revoke; (2) whether the evidence was sufficient to establish that Campos had violated his community supervision; and (3) whether the punishment assessed by the trial court was within statutory limits.

points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Campos's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance in this appeal, (2) served copies of the brief and counsel's motion to withdraw on Campos, and (3) informed Campos of his right to review the record and to file a pro se response.[3] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Campos has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Campos's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Campos and advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of October, 2010.

---

[4] No substitute counsel will be appointed. Should Campos wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.